The Honorable Dwight Fite State Representative 1003 Highway 35 Benton, AR 72015-5814
Dear Representative Fite:
I am writing in response to your request for my opinion on the following question:
 What is the extent of coverage afforded to residential child-care institutions according to 12-12-503 definitions?
I assume the "child-care institution" at issue is an orphanage, since you have copied your request to the chairman of an orphanage board of trustees.
RESPONSE
I am confused by your phrase "extent of coverage." If you are asking whether the law regarding the mandatory reporting of child abuse applies to abuse inflicted in an orphanage, in my opinion the answer is "yes." If you are asking whether the orphanage is obliged to report such abuse, in my opinion the answer is likewise "yes."
Title 12, chapter 12, subchapter 5 of the Arkansas Code sets forth rules for the discretionary and mandatory reporting of child abuse. Subsection 12-12-503(2)(A) defines "abuse" as follows:
 "Abuse" means any of the following acts or omissions by a parent, guardian, custodian, foster parent, or any person who is entrusted with the juvenile's care by a parent, guardian, custodial, or foster parent, including, but not limited to, an agent or employee of a public or private residential home, child care facility, public or private school, or any person legally responsible for the juvenile's welfare: . . .
Since an orphanage is indisputably a "residential home" and a "child care facility,"[1] this definition would clearly apply to any mistreatment by an employee of a residential child-care facility.
Subsection 12-12-503(3) defines "caretaker" as follows:
 "Caretaker" means a parent, guardian, custodian, foster parent, or any person ten (10) years of age or older who is entrusted with a child's care by a parent, guardian, custodian, or foster parent, including, but not limited to, an agent or employee of a public or private residential home, child care facility, public or private school, or any person responsible for a child's welfare.
This definition likewise applies to a residential child-care facility.
Notwithstanding the contrary suggestion in your request, A.C.A. § 12-12-503 contains no definition that addresses whether a child-care facility is obligated by law to report abuse of any children in its care. The statutory provisions regarding discretionary and mandatory reporting of child abuse are set forth at A.C.A. § 12-12-507:
 (a) Any person with reasonable cause to suspect child maltreatment or that a child has died as a result of child maltreatment, or who observes a child being subjected to conditions or circumstances which would reasonably result in child maltreatment, may immediately notify the child abuse hotline.
 (b) When any physician, surgeon, coroner, dentist, osteopath, resident intern, licensed nurse, medical personnel who may be engaged in admission, examination, care, or treatment of persons, teacher, school official, school counselor, social worker, family service worker, day care center worker, or any other child or foster care worker, mental health professional, peace officer, law enforcement official, prosecuting attorney, or judge has reasonable cause to suspect that a child has been subjected to child maltreatment, or that a child has died as a result of child maltreatment, or who observes the child being subjected to conditions or circumstances which would reasonably result in child maltreatment, he shall immediately notify the child abuse hotline.
In my opinion, a child-care facility would be obligated to report any abuse of its residents pursuant to subsection (b) of this statute. I believe the staff of such a facility clearly qualify as "child care workers" and, as such, fall within the mandatory provisions of the statute. This conclusion is consistent with the apparent intention of the statute to impose a reporting obligation on all professionals having contact with abused children.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] Subsections 20-78-202 (2)(A)(i) and 29-30-159(4)(A) of the Code define "child care facility" as meaning "any facility which provides care, training, education, or supervision for any unrelated minor child, whether or not the facility is operated for profit and whether or not the facility makes a charge for the services offered by it."